IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KENDALL SMITH** | * |
| | * |
| Plaintiff, | * |
| | * Civ. No.: PJM 11-1301 |
| v. | * |
| | * |
| **VERIZON WASHINGTON, DC,** | * |
| et al. | * |
| | * |
| Defendants. | * |

## MEMORANDUM OPINION

Kendall Smith has sued his former employer, Verizon Washington, DC ("Verizon DC"), Verizon Mid-Atlantic, Inc., Verizon Communications, Inc. (collectively, "Verizon"), and Reed Smith, LLP ("Reed Smith"), alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, Title 1 of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.* He also asserts claims for retaliation, wrongful termination and discharge, harassment, hostile work environment, and vicarious liability against Verizon Mid-Atlantic, Inc., Verizon Communications, Inc., and Reed Smith. Verizon has filed a Motion to Dismiss [Docket No. 9] in which it argues lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim. Reed Smith has filed a Motion to Dismiss [Docket No. 8] in which it argues that Smith has failed to state a claim against it.

For the reasons that follow, the Court will **GRANT WITH PREJUDICE** Verizon's Motion to Dismiss as to Verizon Mid-Atlantic, Inc. and Verizon Communications, Inc., **GRANT WITHOUT PREJUDICE** Verizon's Motion to Dismiss as to Verizon DC with

**PARTIAL LEAVE TO FILE** an Amended Complaint as to Counts I, II, IV, V, and VIII, and **GRANT WITH PREJUDICE** Reed Smith's Motion to Dismiss,.

## I.

The Complaint filed in this case is devoid of material factual allegations. Although Smith states that he filed a Complaint for employment discrimination, in the Complaint before the Court, he fails to allege the most basic facts of his employment, including his employer's identity, his job title, or the dates of his employment. Similarly, he asserts generally that he experienced "threats (verbal and physical), constant monitoring, harassment, [and] hostile work environment," but he fails to provide factual support for these conclusory allegations. (Compl. ¶ 26.) Despite these deficiencies in the pleadings, the Court has been able to glean the following basic facts from the briefs and exhibits filed in connection with Defendants' Motions to Dismiss.[1]

Smith, an African-American male, was employed by Verizon DC as a Maintenance Administrator beginning in November 1999. He contends that Verizon DC "discriminated" against him throughout his employment and that this discrimination escalated in late 2008, culminating with his termination in December 2009. Smith identifies a single racially charged incident. He alleges that in August 2008, a white manager, Tara Russo, said "we're going to get you, nigger" and rolled her arms one over the other and swung her hand back in forth, while facing downward. Smith also identifies a series of adverse encounters he had with various managers at Verizon DC starting in November 2008, including several suspensions, which he claims were for fabricated and pretextual reasons, verbal assaults, increased monitoring of his customer service phone calls, and two unwelcome and harassing visits to his home.

---

[1] The Court considers these facts to establish a basic background only; they are not "well-pleaded allegations" for the purposes of a Motion to Dismiss under Federal Rule of Procedure 12(b)(6), and to the extent any of the claims survive the current Motions to Dismiss, they will have to be re-pled in detail in an Amended Complaint.

Ultimately, says Smith, manager Carolyn Henderson threatened that he would be terminated if his job performance did not improve. Two days later, another manager, LaKiicha Moore, informed Smith that she had monitored one of his customer service calls and he would have to meet with management. When Smith asked when they would stop harassing him, Moore responded "not until you're gone." Three days later—while Smith was out of the office on approved FMLA leave—Verizon terminated him under the false pretense that he had violated the Code of Conduct by eating at his desk during a customer service call.

Reed Smith is a law firm that represents Verizon. The only indication of their involvement with Smith's case is that they were invited to join a conference call regarding Smith one day before Verizon allegedly made a harassing visit to Smith's home.

Smith contends that Verizon's actions constituted unlawful employment discrimination on the basis of race, age, disability, and retaliation. His Complaint fails to distinguish among the three separate Verizon defendants but appears to allege both direct and vicarious liability as to each. The Complaint includes eight counts asserting various types of employment discrimination against Verizon, as well as one count of vicarious liability against it. The Complaint asserts vicarious liability against Reed Smith.

## II.

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), which requires only that a plaintiff submit "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff may not, however, rely on naked assertions, speculation, or mere legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). When a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must evaluate the

complaint's sufficiency, viewing all well-pleaded factual allegations as true and construing them in the light most favorable to the plaintiff. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive such a motion, the plaintiff must present enough factual content to render his claim "plausible on its face," i.e., to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

A plaintiff proceeding *pro se* is held to "less stringent standards" than is a lawyer, and the Court must construe his claims liberally, no matter how "inartfully pleaded." *Erickson*, 551 U.S. at 94; *see also Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010) (observing that liberal construction of a complaint is particularly appropriate where a *pro se* plaintiff alleges civil rights violations). Nevertheless, even a *pro se* complaint must meet a minimum threshold of plausibility. *See O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010).

## III.

The Court first turns to the question of which Defendants, if any, are amenable to suit in this Court.

Reed Smith, the law firm representing Verizon, argues that it must be dismissed because Smith states no claim against it. Smith alleges that Verizon consulted with Reed Smith during the period it was allegedly retaliating against him and, as such, the law firm is vicariously liable for Verizon's actions. The Court disagrees. A law firm cannot be vicariously liable merely because it is aware of its client's discriminatory behavior. *Cf. Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 392 (1982) (finding that there can be no vicarious liability without an agency relationship). Allowing for vicarious liability under these circumstances would blatantly contravene public policy that favors fostering trust and

confidences in the attorney-client relationship. *See*, *e.g.*, *Schatz v. Rosenberg*, 943 F.2d 485, 493 (4th Cir. 1991). Reed Smith is dismissed with prejudice.

Verizon Communications, Inc. and Verizon Mid-Atlantic, Inc. argue that they should be dismissed as improperly named parties. In support of their argument, they have submitted a declaration with their Motion to Dismiss (the "Stribling Declaration"), in which Thomas J. Stribling, Senior Consultant-Labor Relations for Verizon Corporation Resources Group LLC, affirms that Smith's actual employer was Verizon DC, not Verizon Communications, Inc., and moreover, that Verizon Mid-Atlantic, Inc. does not exist. For present purposes only, the Court treats Verizon's Motion to Dismiss as a Motion for Summary Judgment and considers the evidence contained in the Stribling Declaration. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

With respect to Verizon Mid-Atlantic, Inc., the Court accepts the unrefuted statement contained in the Stribling Declaration and finds that Verizon Mid-Atlantic, Inc. does not exist. Any claim against Verizon Mid-Atlantic, Inc., therefore, is dismissed with prejudice.[2]

With respect to Verizon Communications, Inc., the Court finds that it was never Smith's employer and cannot be held vicariously liable for the alleged discrimination simply by reason of purported acts of its subsidiary, Verizon DC. When considering whether a parent company is liable as an "employer" for the purposes of its subsidiary's alleged employment discrimination, there is a "strong presumption" in favor of the parent's limited liability. *Johnson v. Flowers Indus., Inc.* 814 F.2d 978, 981 (4th Cir. 1987). Smith has failed to overcome that presumption. He offers no facts whatsoever to suggest that Verizon Communications, Inc. "exercises a degree of control that exceeds the control normally exercised by a corporation." *Id.*

---

[2] Smith concedes that Verizon Mid-Atlantic, Inc. does not exist and requests permission to substitute Verizon Maryland, Inc. as a defendant. The Court denies this request on the grounds that Smith has offered no indication as to why Verizon Maryland, Inc. might have liability in this case.

(quoting *Armbruster v. Quinn*, 711 F.2d 1332, 1338 (6th Cir. 1983). He alleges neither that it "control[s] the employment practices and decisions of the subsidiary," nor that it "so dominate[s] the subsidiary's operations that the parent and the subsidiary are one entity and thus one employer." *Id.* Verizon Communications, Inc. is dismissed with prejudice.

Finally, Verizon DC argues that it should be dismissed for lack of personal jurisdiction. As plaintiff, Smith bears the burden of proving personal jurisdiction over a defendant. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir.1989). At this stage, the Court relies on the Complaint and materials submitted in connection with Verizon DC's Motion to Dismiss and Plaintiff's Opposition. *See E.E.O.C. v. AMX Commc'ns, Ltd.*, No. WDQ-09-2483, 2011 WL 3555831, at *6 (D. Md. Aug. 8, 2011). The Court notes that Smith "need only make a prima facie showing of personal jurisdiction" to survive a motion to dismiss. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In determining whether Smith has met this burden, the Court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in [his] favor." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.1993). The parties dispute whether Verizon DC has sufficient "minimum contacts" with Maryland to confer personal jurisdiction. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945). Verizon DC contends that it "does not do business in Maryland, employs no employees in Maryland, has no offices in Maryland and services no customers in Maryland." (Stribling Decl. ¶ 9.) In contrast, Smith submits that Verizon DC routinely shares employees with Verizon's Maryland offices, services Maryland customers, and otherwise does business in Maryland.[3] Resolving all inferences in Smith's favor for this finding, the Court will assume that

---

[3] Although Smith's assertions are in the text of his Opposition and not in a separately sworn affidavit or declaration, the Court will overlook the *pro se* plaintiff's form of disputing the relevant facts for these purposes.

it has personal jurisdiction over Verizon DC and will accordingly proceed to consider the various claims Smith makes against it.

## IV.

Verizon DC next argues that all of Smith's claims should be dismissed for failure to state a claim upon which relief can be granted. The Court will grant the Motion to Dismiss in this respect, but will give Smith leave to file an Amended Complaint properly setting out specific supporting facts relative to his claims under the ADEA (Count I), Title VII for racial discrimination and hostile work environment (Counts II and VIII), the FMLA (Count V), and for retaliation (Count IV).

## A.

Verizon DC also argues specifically that Count III of the Complaint, which alleges disability-based discrimination in violation of the ADA, must be dismissed because the claim falls outside the scope of Smith's Charge of Discrimination with the EEOC. The Court agrees.

Before a plaintiff may file a lawsuit alleging employment discrimination in violation of the ADA, he must first exhaust available administrative remedies by filing a timely charge with the EEOC or its state equivalent. *See* 42 U.S.C. § 12117(a) (incorporating the procedural requirements set forth in section 2000e-5); *Davis v. Va. Commw. Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999). Absent this step, federal courts lack subject matter jurisdiction. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009). "Thus, a claim will generally be barred if the EEOC charge alleges discrimination on one basis while the civil litigation advances a claim of discrimination on a separate basis." *Adams v. Wallenstein*, No. DKC 08-1601, 2011 WL 1807787, at *5 (D. Md. May 11, 2011).

An ADA claim is nowhere to be found in Smith's Charge of Discrimination filed with the EEOC.[4] On both his initial and his amended Charge of Discrimination, Smith checked boxes indicating discrimination on the basis of "race," "retaliation," and "age." He did not check the box indicating discrimination on the basis of "disability." Further, on the same document, he provided a description of the alleged discrimination but made no mention of any disability or discrimination based on a disability. The EEOC Notice of Charge of Discrimination similarly fails to mention the alleged disability-based discrimination. Although Smith did check the box for "disability" and provide information about his disability on the EEOC Intake Questionnaire, completed the same day as his initial Charge of Discrimination, the Intake Questionnaire does not itself constitute a Charge of Discrimination sufficient to confer subject matter jurisdiction over the ADA claims. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

For this reason, Smith's ADA claim is barred for failure to exhaust administrative remedies. *See Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132-33 (4th Cir. 2002) (noting that a Title VII claim that "exceeds the limits set by the allegations of [the plaintiff's] administrative complaint" must fail). Count III of Smith's Complaint is dismissed with prejudice.

**B.**

Verizon DC also argues that Count VI of Smith's Complaint, which alleges wrongful termination and intentional discharge, must be dismissed because it is preempted by Section 301 of the Labor Management Relations Act. Here, too, the Court agrees.

---

[4] When considering a motion to dismiss an employment discrimination claim, a court may consider documents attached to the motion if they are integral to the complaint and authentic. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, since Smith relies on the EEOC Charge of Discrimination, the documents are integral to the Complaint and thus within the permissible bounds of the Court's consideration. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006) ("In reviewing the Rule 12(b)(6) ruling, it is proper for this court to consider the plaintiffs' relevant filings with the EEOC . . . [not] attached to the complaint, because the [plaintiffs] rely on these documents to satisfy the . . . time limit requirements.") *aff'd* 552 U.S. 389 (2008).

Any claim asserting a violation of Smith's collective bargaining agreement is preempted by Section 301 of the Labor Management Relations Act. *See* 29 U.S.C. § 185(a); *Davis v. Bell Atl.-W. Va., Inc.*, 110 F.3d 245, 247 (4th Cir. 1997) ("To ensure uniform interpretation of collective-bargaining agreements . . . § 301 has been found to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.") (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23, (1983) (internal citations omitted). Alternatively, to the extent Count VI attempts to assert a claim for the common law tort of wrongful discharge, this, too, cannot stand, as there is a specific statutory provision and remedy available to redress this claim. *See Makovi v. Sherwin-Williams Co.*, 75 Md. App. 58, 540 A.2d 494 (1988). Nor is there any legal basis for Count VII, which alleges an independent cause of action for "Harassment."[5] Counts VI and VII of Smith's Complaint are dismissed with prejudice.

## C.

Finally, Verizon DC argues that the remaining counts of Smith's Complaint, i.e. Count I (violation of the ADEA), Count II (violation of Title VII), Count IV (retaliation), Count V (violation of the FMLA), and Count VIII (hostile work environment) fail to meet the minimum pleading standard required to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court agrees.

Smith's Complaint is essentially devoid of material factual allegations. Even under the most generous reading, it fails to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). It is true that Smith makes additional factual allegations in his Opposition, but the Court cannot consider "essential elements

---

[5] While "wrongful discharge" and "harassment" are not properly maintainable as separate causes of action, the facts surrounding Smith's termination and those constituting harassment may still properly form the basis of one of his other claims of employment discrimination, whether under the ADEA, Title VII, or the FMLA.

of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). While it is quite possible that these additional facts, even if properly incorporated in an Amended Complaint, would not suffice to state cognizable causes of action, the Court will nevertheless allow Smith an opportunity to file an Amended Complaint in which he sets forth specific factual allegations sufficient to support his legal claims, in accordance with the pleading requirements in *Twombly* and *Iqbal*. Counts I, II, IV, V, and VIII of Smith's Complaint will therefore be dismissed without prejudice with leave to amend.

**V.**

For the foregoing reasons, as to Counts I, II, IV, V, and VIII of the Complaint against Verizon DC only, Verizon's Motion to Dismiss [Docket No. 9] is **GRANTED WITHOUT PREJUDICE**. Plaintiff is **GRANTED LEAVE TO FILE** within **30 DAYS** of entry of this Order, an Amended Complaint setting out in appropriately specific detail his claims under the ADEA, Title VII, the FMLA, and for retaliation. Verizon DC may thereafter file a responsive pleading and Smith may reply in the ordinary course. As to all other counts of the Complaint, Verizon's Motion to Dismiss [Docket No. 9] is **GRANTED WITH PREJUDICE**. Reed Smith's Motion to Dismiss [Docket No. 8] is **GRANTED WITH PREJUDICE**. Defendants Verizon Mid-Atlantic, Inc., Verizon Communications, Inc., and Reed Smith, LLP are **DISMISSED** from this suit.

A separate Order will **ISSUE**.

/s/<br>
**PETER J. MESSITTE**<br>
**UNITED STATES DISTRICT JUDGE**

**November 10, 2011**